FILED
IN CLERKS OFFICE
U.S.
DEC 20 2005
P.M. _____
TIME A.M. _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X

ALEXANDER SOTO,

      Petitioner.

-against-

CHARLOTTE SELTZER, Executive Director and

CREEDMOOR PSYCHIATRIC CENTER,

      Respondents.
---------------------------------------------------------X

05 CV 3739 (ARR)

NOT FOR PUBLICATION

OPINION AND ORDER

ROSS, United States District Judge:

  On December 6, 2005, pro se petitioner Alexander Soto ("petitioner" or "Mr. Soto"), who has filed a habeas corpus petition in this court, submitted a motion for a preliminary injunction or a temporary restraining order to stay a state court retention proceeding scheduled on December 20, 2005.[1] According to petitioner, the retention proceeding may result in the involuntary commitment of petitioner at Creedmoor Psychiatric Center ("CPC") for another year. For the reasons stated below, this application for preliminary injunctive relief is hereby denied.[2]

  "[A] preliminary injunction is an extraordinary remedy that should not be granted as a

---

[1] Petitioner noted that the retention proceeding was scheduled for December 13, 2005. Respondent, however, has advised the court that the proceeding was adjourned until December 20, 2005.

[2] The court has jurisdiction to determine whether a stay of a state court proceeding is appropriate under 28 U.S.C. § 2251, which grants discretion to a judge "before whom a habeas corpus proceeding is pending ... before final judgment or after final judgment of discharge, or pending appeal, [to] stay any proceeding against the person detained in any State court or by or under the authority of any State for any matter involved in the habeas corpus proceeding." The state court retention proceeding at issue is directly related to Mr. Soto's central claim in his habeas petition: that he has been wrongfully committed to a state psychiatric institution. Thus, the court is properly exercising its jurisdiction pursuant to 28 U.S.C. § 2251.

1

routine matter." JSG Trading Corp. v. Tray-Wrap, Inc., 917 F.2d 75, 80 (2d Cir. 1990); D.D. v. New York City Bd. of Educ., CV-03-2489 (DGT), 2004 WL 633222, at *23 (E.D.N.Y. Mar. 30, 2004). To obtain a preliminary injunction, the moving party must show "that 1) absent injunctive relief, it will suffer irreparable harm, and 2) either a) that it is likely to succeed on the merits, or b) that there are sufficiently serious questions going to the merits to make them a fair ground for litigation, and that the balance of hardships tips decidedly in favor of the moving party." Otokoyama Co. Ltd. v. Wine of Japan Import, Inc., 175 F.3d 266, 270 (2d Cir. 1999).

"The showing of irreparable harm is the 'single most important prerequisite for the issuance of a preliminary injunction,' and the moving party must show that injury is likely before the other requirements for an injunction will be considered." Brown v. Giuliani, 158 F.R.D. 251, 264 (E.D.N.Y. 1994) (quoting Bell & Howell v. Masel Supply Co., 719 F.2d 42, 45 (2d Cir. 1983)). The law in this Circuit requires that irreparable harm be likely, not merely possible. Weiss v. Torpey, 987 F.Supp. 212, 216 (E.D.N.Y. 1997); Mason Tenders Local Union 59 v. Laborers' Int'l Union of North America, 924 F.Supp. 528, 542 (S.D.N.Y.), aff'd, 101 F.3d 686 (2d Cir. 1996)). Moreover, "[i]rreparable harm must be shown to be imminent, not remote or speculative, and the injury must be such that it cannot be fully remedied by monetary damages." Brown, 158 F.R.D. at 264 (quoting Tucker Anthony Realty Corp. v. Schlesinger, 888 F.2d 969, 975 (2d Cir. 1989)).

"[T]here is no hard and fast rule in this circuit that oral testimony must be taken on a motion for a preliminary injunction or that the court can in no circumstances dispose of the motion on the papers before it." Maryland Cas. Co. v. Realty Advisory Bd. on Labor Rels., 107 F.3d 979, 984 (2d Cir. 1997) (internal quotations and citations omitted). Indeed, motions for

preliminary injunctions are "frequently denied if the affidavits [in support of the motion] are too vague or conclusory to demonstrate a clear right to relief under Rule 65." 11A C.Wright & A. Miller, Fed. Practice & Proc., § 2949 (2004); see, e.g., McGillicuddy v. Laidlaw, Adams & Peck, Inc., No. 88 Civ. 4928, 1995 WL 1081307, at *12, n. 19 (S.D.N.Y. Aug. 14, 1995) (summarily denying an application for preliminary injunctive relief where the movant's papers failed to demonstrate a basis for granting "this extraordinary remedy").

In this case, petitioner appears to allege that the state court retention proceeding will cause "irreparable harm" unless the court grants preliminary injunctive relief. Petitioner, however, fails to specify how the retention proceeding will cause any harm. According to respondent, the director of CPC filed an application for an order of retention for a period of one year pursuant to N.Y. Mental Hyg. Law § 9.33. Under this statute, a patient may request a hearing on the question of need for involuntary care and treatment. N.Y. Mental Hyg. Law § 9.33. Such a hearing requires "the court [to] hear testimony and examine the person alleged to be mentally ill." Id. § 9.31(c). After conducting the hearing, the court may determine either that the patient is in need of further retention or that the patient is not mentally ill or not in need of further retention. Id. According to respondent, petitioner has requested such a hearing, which is scheduled for December 20, 2005. Given that the outcome of the hearing could be favorable to petitioner and petitioner has made no suggestion otherwise, the court is unpersuaded that the hearing would result in irreparable injury unless the court grants preliminary injunctive relief. Thus, petitioner has not made the requisite showing for a preliminary injunction. In addition, since the "standards which govern consideration of an application for a temporary restraining order ... are the same standards as those which govern a preliminary injunction," Local 1814,

3

Int'l Longshoremen's Ass'n v. N.Y. Shipping Ass'n, Inc., 965 F.2d 1224, 1228 (2d Cir. 1992), petitioner's application for a temporary restraining order is also denied.

For the reasons stated above, petitioner's request for a preliminary injunction and temporary restraining order is hereby denied. The court directs the parties to proceed with the briefing schedule for Mr. Soto's habeas corpus petition as ordered by the court on December 2, 2005.[3]

SO ORDERED.

Allyne R. Ross
United States District Judge

Dated: December 15, 2005
Brooklyn, New York

---

[3] Respondent's answer is due on January 13, 2006 and petitioner's reply is due no later than February 13, 2006.

SERVICE LIST:

*Pro Se* Petitioner
Alexander Soto
15-39 Lexington Avenue, Apt.# 13A
New York, NY 10029

Respondent
Chelsea Helene Chaffee
New York State Attorney General
120 Broadway
New York, NY 10271